UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DONNA H. WASHINGTON AND<br>LANCE J. WASHINGTON | CIVIL ACTION |
| VERSUS | NO: 06-3836 |
| CITY OF SLIDELL ET AL. | SECTION: "S" (2) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the motion for summary judgment of Keith Sehon, Kevin Swann, Alan Roy, Shawn Maddox, The City of Slidell, and Freddie Drennan is **GRANTED** as to the claims pursuant to 42 U.S.C. § 1983 and § 1985, Article I Section 5 of the Louisiana Constitution.  (Document #21.)

**IT IS FURTHER ORDERED** that the claims under Louisiana Code of Criminal Procedure arts. 213(3) and 215(1) are **DISMISSED**.

**IT IS FURTHER ORDERED** that the state law claims of false imprisonment, intentional infliction of emotional distress, and negligence are **DISMISSED WITHOUT PREJUDICE** to the plaintiffs' right to raise them in state court.

### I. BACKGROUND

On July 20, 2005, police officers of the City of Slidell were engaged in an investigation into a drug-related homicide which occurred a month earlier in the Lincoln Park area of Slidell,

Louisiana. A confidential informant provided information that there was narcotics activity in the area, and Lieutenant Kevin Swann broadcasted on the police radio a description of a black male in the area who was selling crack cocaine out of his shoes and wearing a white tee shirt and a white hat, scarf, or bandana on his head.

Lance J. Washington was wearing a white tee shirt and walking toward a white vehicle when Officer Keith Sehon, a plain-clothes narcotics detective in an unmarked vehicle, first saw him. Officer Sehon continued to watch him as Lance walked back to a basketball court where others were playing. Officer Sehon stopped Lance from returning to the basketball game, asked him his name and age, and ordered him to put his hands on the police vehicle in order to pat him down. The two men began to struggle just as Detectives Alan Roy and Shawn Maddox arrived. Lance and Officer Sehon suffered some injury in the struggle.

Lance's mother, Donna Washington, ran toward Lance and the officers and identified Lance as her son. Officer Roy told her to step away because Lance was being arrested and they would discuss the situation with her later. Donna did not step back, but continued to express concern about her son as he struggled with the officers. The officers subdued Lance and placed him in handcuffs.

A crowd had gathered, and Detective Maddox tried to keep the crowd away from Lance and to control what he perceived as a hostile situation. Donna continued to scream, and the officers thought that her actions were causing an already hostile crowd to become more hostile. Detective Roy advised her that, if she did not back up, he would take her to jail. Once Lance was handcuffed, Detective Roy arrested Donna.

Lance was charged with resisting arrest by violence, battery on a police officer, and abusing a police officer, all misdemeanor violations of City of Slidell ordinances. Donna was charged with resisting an officer by interference. On April 27, 2006, a trial on the merits was held in the City Court of Slidell. Lance was found guilty of all charges, and Donna was found not guilty. The City Court found that the stop was lawful, Lance unlawfully resisted and created a bad situation, and Lance would have been sent of his way if he had cooperated with the officers. On January 6, 2006, Lance filed an application for supervisory writ of review in the 22nd Judicial District Court, Parish of St. Tammany; and on January 23, 2007, the writ was denied.

Donna and Lance filed a complaint in federal court against Sehon, Swann, Roy, Maddox, Chief Freddy Drennan, and the City of Slidell, pursuant to 42 U.S.C. § 1983 and § 1985 and supplemental jurisdiction over state law claims. They allege that the officers violated their Fourth Amendment rights against an unlawful stop and detention, Article I Section 5 of the Louisiana Constitution, and Louisiana state law. Donna Washington specifically alleges that her arrest was unlawful because the officers lacked probable cause to arrest her. Donna and Lance further allege that Chief Drennan, as the final policy maker for the enforcement of State and local laws, failed to discourage this misconduct and was a significant force behind the deprivation of their rights. The defendants filed a motion for summary judgment asserting the affirmative defense of qualified immunity.

## II. DISCUSSION

**A. Legal standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The nonmovant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**B.  Section 1983 and 1985 claims**

"To state a claim under § 1983, plaintiffs must allege two elements: first, that they were deprived of a right or interest secured by the Constitution and laws of the United States, and second that the deprivation occurred under color of state law." Doe v. Rains County Ind. School Dist., 66 F.3d 1402, 1406 (5th Cir. 1995). "The first inquiry in any § 1983 suit" is "to isolate the precise constitutional violation with which [the defendants] are charged." Baker v. McCollan, 99 S.Ct. 2689, 2692 (1979). "Where an asserted interest is protected by a constitutional provision that operates only against the State, such as those of the Fourteenth Amendment, plaintiffs must also allege state action to satisfy the first step of alleging an actionable

deprivation." Doe v. Rains County Ind. School Dist., 66 F.3d at 1406.

To state a claim under § 1985, a plaintiff must "allege that two or more persons conspired to directly, or indirectly, deprive him of the equal protection of the laws or equal privileges and immunities under the laws" and that the conspirators were motivated by race. Newsome v. E.E.O.C., 310 F.3d 227, 232 (5th Cir. 2002). The requirement that a plaintiff make a short and plain statement of his demands requires more that a mere statement of conclusions. See Schultea v. Wood, 47 F.3d 1427, 1431 (5th Cir. 1995).

**1.  Lance Washington**

The defendants contend that Lance's claims are barred by Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). The defendants argue that success on Lance's Fourth Amendment claim would necessarily impugn the misdemeanor convictions which arose from the same underlying facts. In support of the motion for summary judgment, the defendants filed the trial transcript and other documents related to the convictions.

> In Heck v. Humphrey, the Supreme Court held that
>
> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 2372 (footnote omitted). In a § 1983 claim against arresting officers and their supervisors, "the district court must first consider whether a judgment in favor of the plaintiff would

necessarily imply the invalidity of his conviction or sentence." Connors v. Graves, 538 F.3d 373, 376 (5th Cir. 2008) (internal quotation and citation omitted). "If so, the claim is barred unless he proves that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id.

There is no question that Lance's convictions have not been reversed, expunged, or declared invalid. Lance's claim is based on his arrest, and his convictions necessarily imply that there was probable cause for the arrest at that point in time. See Sappington v. Bartee, 195 F.3d 234, 237 (5th Cir. 1999). If Lance were to prevail on his Fourth Amendment claim of unlawful seizure, he would necessarily undermine his convictions for resisting arrest by violence, battery on a police officer, and abusing a police officer. Moreover, the factual basis for the convictions is not temporally and conceptually distinct from the unlawful seizure claim. Cf. Bush v. Strain, 513 F.3d 492, 497 (5th Cir. 2008) (claim of excessive force after the arrestee has ceased resistance would not imply the invalidity of the conviction for earlier resistance). Accordingly, Lance's claims are barred under Heck, and the defendants' motion for summary judgment on Lance's § 1983 and § 1985 claims is granted.[1]

**2. Donna Washington**

**a. Individual liability**

Because Donna Washington was not convicted of any crime, the Heck analysis is not

---

[1] The court need not reach the defendants' assertion that they were entitled to qualified immunity. See Connors v. Graves, 538 F.3d at 378.

implicated.[2]  Unlike Lance, Donna Washington's claim does not involve an investigatory stop. The focus of the inquiry is whether the officers had probable cause to arrest her.  The individual defendants contend that they are entitled to qualified immunity because the officers' reasons for arresting Donna Washington are clearly articulable and reasonable.

In a claim against the defendants in their individual capacities, the first inquiry in examining a defense of qualified immunity asserted in a motion for summary judgment is to determine whether the plaintiff has alleged "the violation of a clearly established constitutional right."  Siegert v. Gilley, 500 U.S. 226, 231 (1991).  This court uses "currently applicable constitutional standards to make this assessment."  Rankin v. Klevenhagen, 5 F.3d 103, 106 (5th Cir. 1993).  The second step is to "decide whether the defendant's conduct was objectively reasonable" in light of the legal rules clearly established at the time of the incident.  Spann v. Rainey, 987 F.2d 1110, 1114 (5th Cir. 1993).

Donna Washington "has a clearly established constitutional right to be free from arrest absent an arrest warrant or probable cause."  Freeman v. Gore, 483 F.3d 404, 411 (5th Cir. 2007). A plaintiff cannot prevail on a claim for unlawful seizure unless she proves that the officers lacked probable cause.  See Connors v. Graves, 538 F.3d 373, 377 (5th Cir. 2008).  "Probable cause exists where the facts and circumstances within the officer's knowledge at the time of the arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense."  Id. at 413.  "Although the probable cause inquiry is an objective one, it

---

[2]  The trial judge found that Donna Washington "came very close to the line" in interfering with an officer during the lawful exercise of his duties, but found her not guilty because the State had not carried its burden of proof.

must nevertheless be conducted in light of the actual facts known to the officer at the time of the arrest." Id. at 414.

Section 11-196, Resisting an officer, of the Code of Ordinances of the City of Slidell provides:

> (a) It shall be unlawful for any person to resist an officer. Resisting an officer is the intentional interference with, opposition or resistance to, or obstruction of an individual acting in his official capacity and authorized by law to make a lawful arrest or seizure of property, or to serve any lawful process or court order, when the offender knows or has reason to know that the person arresting, seizing property or serving process is acting in his official capacity.
>
> (b) The phrase "obstruction of," as used in this section, shall, in addition to its common meaning, signification and connotation, mean the following:
>
> (1) Flight by one sought to be arrested before the arresting officer can restrain him and after notice is given that he is under arrest.
>
> (2) Any violence toward or any resistance or opposition to the arresting officer after the arrested party is actually placed under arrest and before he is incarcerated in jail.
>
> (3) Refusal by the arrested party to give his name and make his identity known to the arresting officer.
>
> (4) Congregation with others on a public street and refusal to move on when ordered by the officer.
>
> The word "officer," as used in this section means any peace officer, as defined in R.S. 40:2402, and includes deputy sheriffs, municipal police officers, probation and parole officers, city marshals and deputies, and wildlife enforcement agents.

(Code 1966, § 9-70).[3]

Viewing the facts at the time of the arrest in Donna Washington's favor, the court concludes that the police officers had probable cause to believe Donna Washington resisted and

---

[3] The City ordinance is similar to the provisions of La. Rev. Stat. 14:108.

obstructed the officers in making the arrest under the common meaning of "obstruction."  A crowd consisting of friends from the nearby basketball court, neighbors, and family had gathered.  The three arresting officers, Sehon, Roy, and Maddox, were concerned about a hostile situation because the crowd was upset and screaming racial slurs.  Detective Roy testified at trial that Donna Washington approached the officers screaming and that he told her:  "You need to step away.  I'll explain it to you when we're finished.  He's being arrested."  When she failed to respond, he repeated several times: "You need to step back.  You need to step back."  Roy testified that Donna Washington continued to scream and that he felt her screaming was making the crowd more hostile.  The officers requested that more units be sent to the area because the there were only three of them in the midst of the crowd.  Marked units began to arrive, and the officers were able to place Lance and Donna Washington in separate police cars.

Although Donna Washington was acquitted by the judge at trial applying the reasonable doubt standard, the facts and circumstances at the time of Donna Washington's arrest, as presented at her criminal trial and in the summary judgment motion, are sufficient to conclude that the officers had probable cause to arrest Donna Washington.  The officers' conduct was objectively reasonable in light of clearly established law at the time of her arrest, and the officers are entitled to qualified immunity from Donna Washington's individual-capacity claims under § 1983 and § 1985.  The motion for summary judgment is granted.

### b.  Municipal liability

Chief Drennan and the City of Slidell contend that they are not liable for damages under

§ 1983.  They argue that Donna Washington has not identified an official policy of the police department or the City of Slidell in violation of her constitutional rights.

A local governmental body is liable for damages under § 1983 for constitutional violations resulting from official city policy.  See Monell v. Dep't of Soc. Serv., 98 S.Ct. 2018, 2035-36 (1978).  A suit against Chief Drennan in his official capacity is in essence a suit against the City of Slidell.  Woodard v. Andrus, 419 F.3d 348, 352 (5th Cir. 2005) (citing Monell, 98 S.Ct. at 2035 n.55.  A municipality cannot be held vicariously liable under 1983 for the constitutional torts of its employees or agents.  Monell, 98 S.Ct. at 2037.  To establish liability for a constitutional violation against the City of Slidell, Donna Washington must demonstrate that the alleged constitutional offense is the policy or custom of the City of Slidell.  Woodard v. Andrus, 419 F.3d at 352.  "[A] government's liability is not confined to laws or actions that have been given formal approval through an entity's policymaking channels.  Id.  A policy or custom becomes official for purposes of § 1983 when it results from the decision or acquiescence of the municipal officer or body with "final policymaking authority" over the subject matter of the offending policy.  Gros v. City of Grand Prairie, 181 F.3d 613, 615 (5th Cir. 1999).  Id. (internal citations omitted).  "Monell and later decisions reject municipal liability predicated on *respondeat superior*, because the text of section 1983 will not bear such a reading."  Pitrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001).  "[A] policymaker, an official policy and the 'moving force' of the policy are necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself."  Id.

A careful reading of the complaint and a review of the relevant evidence indicate that Donna Washington does not specifically identify an ordinance, regulation, or a well-settled custom or policy in violation of her constitutional rights. Absent an allegation of an ordinance, regulation, policy, custom or practice, Donna Washington can prove no set of facts in support of her constitutional claims of violations of the Fourth Amendment which would entitle her to relief against the City of Slidell and Chief Drennan in his official capacity. Accordingly, the defendants have met the burden of establishing the absence of evidence supporting an essential element of Donna Washington's constitutional claims, and the motion for summary judgment on the § 1983 claims against Chief Drennan and the City of Slidell is granted.

## C. Article I § 5 of the Louisiana Constitution

The plaintiffs contend that the officers violated Article I § 5 of the Louisiana Constitution[4] by conducting an unreasonable seizure.

In <u>Moresi v. State Thrugh Dept. of Wildlife and Fisheries</u>, the Supreme Court of Louisiana stated as follows:

> [W]e believe that a qualified immunity is justified in an action against state officers or persons acting under color of state law for damages caused by a violation of Article I, § 5 of the Louisiana Constitution. Consequently a plaintiff's allegation and proof of conduct under color of state law that deprived

---

[4] Article I § 5 provides:
Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy . . . . Any person adversely affected by a search or seizure conducted in violation of this Section shall have standing to raise its illegality in the appropriate court.

> him or her of a right secured by Article I, § 5 may not always assure the plaintiff of recovery. If the defendant shows that the state constitutional right alleged to have been violated was not clearly established, the defendant is entitled to qualified immunity.

567 So.2d 1081, 1094 (La. 1990). "The same factors that compelled the United States Supreme Court to recognize a qualified good faith immunity for state officers under § 1983 require [the Supreme Court of Louisiana] to recognize a similar immunity for them under any action arising from the state constitution." Id. at 1093.

Accordingly, for the same reasons that the defendants are entitled to qualified immunity under § 1983 and § 1985, the court concludes that they are entitled to qualified immunity under Article I, § 5 of the Louisiana Constitution.

**D. State law claims**

The plaintiffs allege state-law claims of false imprisonment, intentional infliction of emotional distress, and negligence.[5] Because the constitutional claims over which the court has original jurisdiction are dismissed, the court declines to exercise supplemental jurisdiction over the state law claims of false imprisonment, intentional infliction of emotional distress, and negligence. See 28 U.S.C. § 1367.

---

[5] The plaintiffs also allege claims under La. Code of Crim. Pro. arts. 213(3) and 215(1). Article 213(3) provides: :A peace officer may, without a warrant, arrest a person when: . . . (3) The peace officer has reasonable cause to believe that the person to be arrested has committed an offense, although not in the presence of the officer." Article 215(1) applies to the detention and arrest of shoplifters. The plaintiffs cite no authority that provides for a civil cause of action under these articles; therefore, the claims are dismissed. The plaintiffs have alleged actions in tort that address the issues related to their arrest.

### III. CONCLUSION

The defendants' motion for summary judgment is granted on Lance Washington's claims under § 1983 and § 1985 because they are barred under <u>Heck</u>. The defendants' motion for summary judgment on Donna Washington's claims individual and official capacity claims is granted because there was probable cause to arrest, and the individual officers are entitled to qualified immunity. Donna Washington has not identified an ordinance, regulation, custom or policy in violation of her individual rights to support a claim for municipal liability.

For the same reasons, the motion for summary judgment is granted as to the constitutional claims under Article I § 5 of the Louisiana Constitution. There is no authority that provides for a civil cause of action under La. Code of Crim. Pro. arts. 213(3) and 215(1), and summary judgment is granted dismissing the claims. The court declines to exercise supplemental jurisdiction over the state-law claims of false imprisonment, intentional infliction of emotional distress, and negligence; therefore, the claims are dismissed without prejudice.

New Orleans, Louisiana, this  27th  day of October, 2008.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**